UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JUSTIN L. WILLIAMS,

                Plaintiff,

v.                                                   Case No. 22-cv-361-pp

MILWAUKEE COUNTY JAIL,
MILWAUKEE COUNTY SHERIFF'S OFFICE
and WELLPATH COMPANY,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT**

---

Justin L. Williams, who at the time he filed the complaint was incarcerated at the Milwaukee County Jail[1] and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants ignored his requests for a bottom bunk medical restriction. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

---

[1] The Milwaukee County Jail inmate locator does not indicate that anyone named Justin Williams is in the jail. http://www.inmatesearch.mkesheriff.org/ The court has not received a change-of-address notice from the plaintiff. The Wisconsin Department of Corrections inmate locator shows a Justin Williams on active community supervision status. https://appsdoc.wi.gov/lop/details/detail. The DOC lists that person's birth year as 1992; the plaintiff's birth year is 1992. See Dkt. No. 1-1 at 1. Assuming that the plaintiff and the person on active community supervision are the same person, the court's staff contacted the DOC for a mailing address and will send this order to the plaintiff at that address.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the incarcerated person must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 7, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $14.05. Dkt. No. 7. The court received that fee on April 26, 2022. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

3
Case 2:22-cv-00361-PP   Filed 10/18/22   Page 3 of 13   Document 10

B. The Plaintiff's Allegations

The complaint alleges that in November 2021, the plaintiff was injured in a car accident; he says that on December 27, 2011, he had reconstruction on his collar bone. Dkt. No. 1 at 3. The plaintiff says that from January 14, 2022 (when he arrived at the jail) until March 8, 2022 (when he signed his complaint), he asked jail staff and medical staff to provide and enforce a bottom-bunk medical restriction "due to a known medical physical injury (broken left collar-bone)." Id. at 2. He says staff denied his requests "verbally and on the jail kiosk." Id. He says that no staff have enforced his restriction. Id.

On February 22, 2022, the plaintiff was transferred to a cell on Unit B. Id. He says "staff noticed [him] in a sling and still disregarded the bottom bunk restriction." Id. He alleges he always has been assigned a top bunk. Id. Two days later, the plaintiff fell from the top bunk while trying to get into bed. Id. He says he fell onto his left arm and shoulder causing a cut, "severe bruising, severe pain and discomfort, and a headache from also hitting [his] head." Id. at 2–3. The plaintiff's bunkmate called for emergency medical assistance, but medical staff did not arrive for ten minutes. Id. at 3. He alleges it took him twenty minutes "to get off the ground due to the pain." Id. Medical staff took the plaintiff to the booking room, where he had to wait an hour before being transported to a hospital for x-rays, CAT scans and pain medication. Id. He says the results showed no breaks or fractures. Id.

The next day, February 25, 2022, the plaintiff returned to the jail and again was in a sling. Id. He says jail staff still failed to enforce his bottom bunk

restriction. Id. That day, the plaintiff saw the surgeon who performed his collarbone reconstruction in December 2021. Id. The surgeon "put in directives to confine [the plaintiff] to [a] bottom bunk." Id. When the plaintiff returned to his cell, jail staff still assigned him to a top bunk. Id. He says medical staff have not provided him his medical records, updates on his restriction or a notification that his restriction has expired. Id. The plaintiff has written grievances about his medical restriction, but staff have "denied and ignored" those grievances. Id. He says he remains assigned to a top bunk. Id.

The plaintiff attached a separate sheet listing nineteen correctional officers or medical staff whom he says knew that he had a medical restriction but ignored his requests for a bottom bunk between February 24 and March 2, 2022. Id. at 4. He lists the time and date that he encountered each staff member and their position at the jail. Id. He says he "would name more officials but they refuse to identify themselves." Id. The plaintiff reiterates that these staff members did not inform him when his medical restriction expired, did not provide him updates about his injury or treatment and did not follow the jail's policy for providing him medical updates. Id. at 5.

The plaintiff also attached a "Claim for Damage, Injury, or Death" that he sent to the Wisconsin Attorney General's Office on March 10, 2022. Dkt. No. 1-1. This form reiterates the plaintiff's allegations about his fall from the top bunk, the injuries that he suffered and jail staff's refusal to provide him a bottom bunk. Id. The claim requests $1 million for the plaintiff's injuries. Id.

5

The complaint seeks injunctive relief ordering staff to "follow all pol[i]cies by the book" and "[t]reat people like [they] want to be treated." Dkt. No. 1 at 6. The plaintiff also seeks an unspecified award of damages. Id.

C.  Analysis

The complaint does not indicate whether the plaintiff was a pretrial detainee or a convicted prisoner at the time of the events. This distinction has a legal difference and determines what law governs the plaintiff's claim. The Wisconsin Circuit Court Access website shows that on January 14, 2022 (the same date the plaintiff alleges he arrived at the jail), two cases were filed against him in Milwaukee County Circuit Court. https://wcca.wicourts.gov/ (Milwaukee County Case Numbers 2022CF000173 and 2022CF000174). The dockets in these cases show that Case No. 2022CF000173 was resolved on July 12, 2022, when the plaintiff pled guilty and was sentenced, and that Case No. 2022CF000174 was resolved on the same day when it was dismissed. Id. The court finds that the plaintiff was a pretrial detainee at the time of the events alleged in the complaint.

Because the plaintiff was a pretrial detainee at the time of the alleged events, his claim arises under the Fourteenth Amendment. See Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019) (citing Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015)). Under the Fourteenth Amendment, the plaintiff must show that the defendants' "conduct was 'objectively unreasonable.'" Kemp v. Fulton Cty., 27 F.4th 491, 495 (7th Cir. 2022) (quoting Hardeman, 933 F.3d at 824). Stated differently, he must show that the defendants' actions were not

6

Case 2:22-cv-00361-PP   Filed 10/18/22   Page 6 of 13   Document 10

"'rationally related to a legitimate non-punitive governmental purpose'" or that they were "'excessive in relation to that purpose.'" Hardeman, 933 F.3d at 822 (quoting Kingsley, 576 U.S. at 398). To do so, he must allege that the defendants acted "with purposeful, knowing, or reckless disregard of the consequences" of their actions. Miranda v. Cty. of Lake, 900 F.3d 335, 354 (7th Cir. 2018). The court must "focus on the totality of facts and circumstances" that the defendants faced and "gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." Williams v. Ortiz, 937 F.3d 936, 942 (7th Cir. 2019); see Kingsley, 576 U.S. at 397.

The plaintiff alleges that over the course of three months, several members of the jail's staff and medical staff were aware of his medical restriction, saw him wearing a sling at the jail and ignored his requests for a restriction assigning him to a bottom bunk. He alleges that his injury made it unsafe for him to be assigned a top bunk, yet no jail staff or medical personnel provided the plaintiff a medical restriction or updates about the status of his requests for one. He says he then fell while getting into the top bunk and reinjured his arm, shoulder and collarbone. The plaintiff alleges that he submitted grievances about his medical restriction before and after his fall, but his grievances have been either ignored or denied. These allegations, which the court must accept as true, suggest that jail staff unreasonably ignored the plaintiff's need or request for a medical restriction to the bottom bunk. The complaint does not suggest that jail staff had a non-punitive, legitimate

penological reason not to provide the plaintiff with the medical restriction. These allegations are enough to state a plausible Fourteenth Amendment claim that jail staff were deliberately indifferent to the plaintiff's need for a medical restriction.

The complaint, however, does not name a proper defendant. Section 1983 allows a citizen to sue a "person" who violates his constitutional rights while acting under color of state law. The complaint names the jail, the Milwaukee County Sheriff's Office and Wellpath Company. The Milwaukee County Jail, the Milwaukee County Sheriff's Department and Wellpath Company are not "persons." The Sheriff's Department is an arm of the Milwaukee County government; it is "not a legal entity separable from the county government which is services and is therefore, not subject to suit." Whiting v. Marathon Cty. Sheriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004). The Milwaukee County Jail is an enterprise run by the sheriff's department; like the sheriff's department, it is not subject to suit under §1983.

Wellpath Company is a company that provides health care services to persons in correctional facilities. https://wellpathcare.com/about/. A private corporation that has contracted to provide essential government services, like Wellpath has agreed to provide health care for persons in correctional facilities, "cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself." Shields v. Ill. Dep't of Corrs., 746 F.3d 782, 789 (7th Cir. 2014). The private corporation may not be held liable for the actions of its employees under a

theory of *respondeat superior* (supervisory liability). Id. (citing Iskander v. Vill. of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)); see Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658, 694 (1978). The plaintiff instead must allege "that his injury was caused by a [corporation's] policy, custom, or practice of deliberate indifference . . . or a series of bad acts that together raise the inference of such a policy." Shields, 746 F.3d at 796 (citing Woodward v. Corr. Med. Servs. of Ill., Inc., 368 F.3d 917, 927 (7th Cir. 2004)).

The plaintiff has not alleged that Wellpath has a policy or custom of refusing incarcerated persons bottom bunk restrictions. The complaint does not make any allegations against Wellpath or any of its employees or even allege which of the listed defendants, if any, work for Wellpath. The complaint provides no information about Wellpath's role in the plaintiff's alleged mistreatment. The court will dismiss Wellpath from this lawsuit.

The complaint repeatedly refers to "staff" and "medical staff" who allegedly wronged him. "[A]llegations about large, indeterminate groups of defendants" do not provide proper notice of what any person is accused of doing. Henderson v. Wall, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021). Those "broad allegations against groups of defendants" are insufficient to identify a *person* who may be held liable under §1983. Id.; see Gray v. Weber, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of inmate's §1983 complaint alleging denial of medical care against defendants identified "only collectively as 'medical staff'").

9

The plaintiff included a list of the names of jail staff whom he says ignored his requests or complaints. Simply listing the names of putative defendants, without alleging what any of them specifically did to violate the plaintiff's rights, is not enough to hold them liable under §1983. The plaintiff instead "must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." Colbert v. City of Chi., 851 F.3d 649, 657 (7th Cir. 2017); see Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009) (affirming that "vague phrasing" in complaint that "'one or more of the Defendants' had engaged in certain acts or deprived [plaintiff] of his constitutional rights . . . does not adequately connect specific defendants to illegal acts"). The plaintiff has not explained what any of the listed staff members *specifically* did that violated his rights. Theis list does not suffice to state a claim against any staff member.

The plaintiff also alleges conduct that does not amount to a viable §1983 claim. He alleges that jail staff ignored or denied his grievances. But there is no inherent constitutional right to a grievance system. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The plaintiff's complaints about his grievances being denied or unanswered do not state a claim. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). The plaintiff alleges that some staff failed to follow jail policies regarding the medical information of incarcerated persons. He may not proceed on this claim because a violation of jail policy alone does not establish a constitutional violation. See Pulera v. Sarzant, 966 F.3d 540, 551 (7th Cir. 2020).

10
Case 2:22-cv-00361-PP   Filed 10/18/22   Page 10 of 13   Document 10

Although the complaint does not name a proper defendant, it does adequately allege a plausible claim for relief under the Fourteenth Amendment. The court will give the plaintiff the opportunity to file an amended complaint that clarifies who he believes is liable for denying his requests for a bottom bunk medical restriction.

When writing his amended complaint, the plaintiff must provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to-explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He

instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims. The amended complaint should address only the plaintiff's claim of deliberate indifference. The court is not permitting him to proceed on any other claim.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Milwaukee County Jail, Milwaukee County Sheriff's Office and Wellpath Company.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **November 25, 2022**. If the court receives an amended complaint by the end of the day on November 25, 2022, the court will screen it as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by the November 25, 2022 deadline, the court will dismiss the case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the plaintiff must pay the **$303.75** balance of the filing fee as he is able.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he moves, is reincarcerated or transferred to another facility. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 18th day of October, 2022.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**