UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN L. WILLIAMS,

          Plaintiff,

v.                                               Case No. 22-cv-361-pp

MILWAUKEE COUNTY JAIL,
MILWAUKEE COUNTY SHERIFF'S OFFICE
and WELLPATH COMPANY,

          Defendants.

## ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM

On October 18, 2022, the court screened Justin L. Williams's *pro se* complaint under 42 U.S.C. §1983 and concluded that the complaint failed to state a claim. Dkt. No. 10. The court gave the plaintiff an opportunity to amend his complaint, ordering him to file an amended complaint "in time for the court to receive it by the end of the day on November 25, 2022." Id. at 12 (emphasis omitted). The court warned the plaintiff that

> [i]f the court does not receive an amended complaint by the November 25, 2022 deadline, the court will dismiss the case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

Id.

The court sent the October 18, 2022 order to the plaintiff at the Milwaukee County Jail, where he was in custody when he filed his complaint in

March of 2022.[1] (See Dkt. No. 1 at 1, 7.) On October 25, 2021, the court's staff noted that according to the plaintiff's state probation officer, he was living at an address on North 14th Street in Milwaukee. On November 1, 2022, the October 18, 2022 order was returned to the court as undeliverable with the notations "Attempted-Not Known" and "Unable to Forward." Dkt. No. 11. The court's staff then mailed the order to the address provided by the plaintiff's state probation officer. Id.

The November 25, 2022 deadline has passed, and the plaintiff has not filed an amended complaint nor requested additional time to do so. The plaintiff has failed to comply with the court's previous order and has not provided his current address. As the court said it would in the October 18, 2022 order, the court will dismiss the case because the original complaint fails to state a claim.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. Dkt. No. 1. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by

---

[1] As of the date of this order, the plaintiff no longer is at the Milwaukee County Jail. See http://www.inmatesearch.mkesheriff.org/ (last visited December 27, 2022). The Wisconsin Department of Corrections web site does not show that the plaintiff is in a DOC facility.

filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 27th day of December, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**